UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM D. THOMAS,

                              Plaintiff,                  9:17-CV-0377
                                                                          (GTS/ATB)

      v.

BERTONE, Acting Deputy Supt. of Security,
Shawangunk Correctional Facility,

                              Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

WILLIAM D. THOMAS
13-A-2123
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN        KATIE E. VALDER, ESQ.
Attorney General of the State of New York   Ass't Attorney General
Attorney for Defendant
State of New York
The Capitol
Albany, NY 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

    Pro se plaintiff William D. Thomas commenced this civil rights action in April 2017,

asserting claims pursuant to 42 U.S.C. § 1983 arising out of his confinement at Shawangunk

Correctional Facility ("Shawangunk C.F."). Dkt. No. 1.[1]  Upon review of the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, this Court concluded that a response to plaintiff's First Amendment free exercise claim was required from defendant Acting Deputy Superintendent of Security ("Acting DSS") Bertone.  Dkt. No. 15 at 14-15, 25.  Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *Id.* at 25-26.

Service of process was effected on defendant Acting DSS Bertone in September 2017.  Dkt. No. 17.  In lieu of an answer, Acting DSS Bertone filed a motion to dismiss.  Dkt. No. 21.  Plaintiff has not responded in opposition to that motion, which is pending.

Presently before the Court is plaintiff's letter request seeking dismissal of this action.  Dkt. No. 26.  Plaintiff's letter states that he seeks to discontinue this action "due to my const[a]nt back, and forth to different hospitals for my kidney, and different prisons due to court."  *Id.* at 1.  Plaintiff further states that he intends to pursue his claim at a later date.  *Id.*[2]

Defendant opposes the dismissal of this action without prejudice.  Dkt. No. 27 at 2.[3]

## II.   DISCUSSION

Rule 41(a) of the Federal Rules of Civil Procedure provides in relevant part as follows:

[T]he plaintiff may dismiss an action without a court order by filing:

---

[1] Plaintiff filed a second action styled as a "Complaint under [New York] Civil Service Law Section 75." *See Thomas v. Pingotti*, No. 9:17-CV-0300 (GTS/DEP) (N.D.N.Y. filed Mar. 16, 2017).  The pleading in that action set forth several of the same claims asserted herein; *Thomas v. Pingotti* was dismissed without prejudice in favor of this action.  Dkt. No. 15 ("September Order") at 2-4.

[2] In January 2018, plaintiff advised the Court that he had been hospitalized on and off since October 2017.  *See* Dkt. No. 24.  Since this action was commenced in April 2017, plaintiff has notified the Court of a change of his address on several occasions.  *See* Dkt. Nos. 11, 12, 13, 24, 26.

[3] According to counsel, "if plaintiff's letter motion requesting withdrawal will not result in the dismissal of the complaint with prejudice, defendant Bertone respectfully requests that the Court rule on the pending motion to dismiss."  *Id.* at 2.

>   (i) a notice of dismissal before the opposing party serves either an
>   answer or a motion for summary judgment; or
>   (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). Rule 41(a) further provides that unless the notice provides otherwise, "the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B).[4]

As of the date hereof, no answer or motion for summary judgment has been filed by the defendant. Accordingly, plaintiff is entitled to withdraw this action.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that, in accordance with Fed. R. Civ. P. 41(a), this action is **voluntarily withdrawn and dismissed without prejudice** as requested by plaintiff (Dkt. No. 26); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:    March 20, 2018
          Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[4] Rule 41(a) of the Federal Rules of Civil Procedure further provides that after an answer or motion for summary judgment has been filed, an action shall not be dismissed at the plaintiff's request except where all parties agree to a stipulation of dismissal, or upon order of the court. Fed. R. Civ. P. 41(a)(1)(B); 41(a)(2). The Rule states that unless the stipulation or order provides otherwise, the dismissal is without prejudice. *Id.*